___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-01447-JLS-DFM                                   Date: September 26, 2017
Title: Jennifer Pedraza v. Pier 1 Imports U.S. Inc et al.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                                      N/A
   Deputy Clerk                                                 Court Reporter

Attorneys Present for Plaintiff:                     Attorneys Present for Defendant:

Not Present                                                        Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER DENYING MOTION FOR PRELIMINARY APPROVAL (Doc. 49)**

     Before the Court is Plaintiff Jennifer Pedraza's Motion for Preliminary Approval of a class action settlement. (Mot., Doc. 49.)  Having read and considered the papers, the Court DENIES the Motion.

     In this putative wage-and-hour class action, the only common policy or custom that Plaintiff's Counsel alleges is that Pier 1's rest break policy did not authorize rest breaks for "major fraction thereof" periods of 3.5 to 3.99 hours and 6.01 to 7.99 hours. (*See* Mem. at 6–7, 9 ("As Plaintiff's TAC reveals, Defendant's alleged liability in these actions stems from one primary claim, which arises out of the company's uniform rest break policies and procedures.").)  Given the narrow scope of the claim, then, it should come as no surprise that the individual settlement awards are quite low.  The papers show that after deducting the full requested allowances for attorneys' fees ($225,000), costs ($20,000), an incentive award ($5,000), administrative fees ($65,000), and the LWDA PAGA disbursement ($9,375), there would be $425,625 to share among the over 11,300 class members.  (SA §§ 5.1, 5.3, 5.4, 5.5, 5.6, Doc. 49-3; Mem. at 5–6.)  Although Plaintiff's Counsel do provide information on individual class member awards in their brief, the Court has calculated that, if the settlement fund were divided equally, each class member would stand to receive approximately $37.66, or less than $7.53 per year (minus applicable taxes).  Of course, class members' settlement amount will actually vary based on their number of workweeks (SA § 5.7), but this calculation underscores the Settlement Agreement's low payout to class members.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-01447-JLS-DFM                                        Date: September 26, 2017
Title:  Jennifer Pedraza v. Pier 1 Imports U.S. Inc et al.

A court has an independent duty under Rule 23(e) to endure that any proposed class settlement agreement is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  The Ninth Circuit has adopted "a high procedural standard for settlements that, like the one at issue here, occur without a certified class."  *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015).  The potential for collusion is heightened where, as here, an agreement contains a clear-sailing provision (SA § 5.3), one of the *In re Bluetooth* signs of implicit collusion.  *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) (observing that a clear sailing provision "carries 'the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class'" (citation omitted)).  Likewise, when determining whether to certify a class for purposes of settlement, the requirements of Rule 23 "designed to protect absentees by blocking unwarranted or overbroad class definitions . . . demand undiluted, even heightened, attention . . . ."  *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

With these principles in mind, the Court cannot at present certify a class or approve this Settlement Agreement.  Most obviously, although the alleged policy is narrow and the settlement payout is small, the release is very broad, covering:

> *[A]ll claims*, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorney's fees, damages, action or causes of action of whatever kind or nature, whether contingent or accrued, *that were alleged or that reasonably could have been alleged based on the claims alleged* in the Lawsuit, as amended, including, but not limited to, *any claims under state law for failure to authorize and permit rest breaks*, claims for rest break penalties, include those under Labor Code section 2698 *et seq.*, and rest break claims under the applicable Wage Order and Labor Code sections, including Labor Code section 226.7, as well as rest-break claims under Business and Professions Code section 17200 *et seq.*  This release is effective from May 9, 2012 through the end of the Settlement Period.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:16-cv-01447-JLS-DFM | Date: September 26, 2017 |
| Title: Jennifer Pedraza v. Pier 1 Imports U.S. Inc et al. | |

(SA § 6.2 (emphasis added).) Under the plain meaning of the agreement, class members who may have much more substantial individual rest break claims will release them for the small sum provided by the Settlement Agreement. A court cannot certify a class based on one narrow common policy and then approve a release that stretches well beyond the scope of that policy. *See, e.g.*, *Taylor v. W. Marine Prod., Inc.*, No. C 13-04916 WHA, 2014 WL 7388780, at *2 (N.D. Cal. Dec. 29, 2014) ("The differences between the scope of the released claims and the scope of the certified class cannot be ignored."). These concerns are particularly acute in this case because class members would receive only a small amount under the agreement. Thus, for a settlement agreement to be approved, the release must be narrowed to only the claims that could be made based on the common rest break policy alleged here.

The Settlement Agreement also requires an injunction at the preliminary approval stage prohibiting class members from "filing, initiating, or continuing to prosecute any actions, claims, complaints, or proceedings in court, with the California Division of Labor Standards Enforcement ('DLSE'), with the California Labor and Workforce Development Agency ('LWDA'), or with any other entity regarding the released claims." (SA § 6.5.) The leading treatise on class actions counsels against antisuit injunctions at the preliminary approval stage "[i]n all but very rare circumstances." Newberg on Class Actions § 13:19 (5th ed.). Besides the obvious legal hurdle of the Anti-Injunction Act's general prohibition on enjoining state proceedings, "at the preliminary stage of a class action settlement, the court has not given notice to the class, not heard objections to the settlement, not weighed the settlement's strengths and weaknesses in an adversarial setting, and likely not finally certified a class; in short, there is no final judgment." *Id.* And the treatise teaches that "*final* approval of a class action should rarely, if ever, trigger the need for an antisuit injunction" because "preclusion is that injunction." *Id.* In fact, a proposed antisuit injunction at the preliminary approval state "raises a red flag about whether the present settlement is a collusive suit aimed at foreclosing a stronger suit in the collateral forum." *Id.* The proposed antisuit injunctions at the preliminary and final approval stages must therefore be removed.

Further, to certify a class extending through the present, Plaintiff's Counsel must provide evidence to support their argument that Pier 1 maintained a noncompliant policy

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:16-cv-01447-JLS-DFM | Date: September 26, 2017 |
| Title:  Jennifer Pedraza v. Pier 1 Imports U.S. Inc et al. | |

or custom throughout the entire class period.  Yet the only support for this broad class definition is a statement in Counsel's declaration that "[a]lthough the policies were updated at least once a year from at least 2013 to 2016, Plaintiff contends Defendant's rest break policy remained unlawful."  (Haque Decl. ¶ 17, Doc. 49-2.)  An allegation that a policy remained noncompliant during the entire class period is not evidence and therefore cannot support class certification.  *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("Rule 23 does not set forth a mere pleading standard.  A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc.").

Other concerns also preclude approval:

- Plaintiff's Counsel provides only a conclusory assertion of Defendant's total potential exposure ($2.1 million) without any explanation of how they deduced this number.  (Haque Decl. ¶ 18.)  Any future Motion would require a well-founded breakdown on a claim-by-claim basis of how Plaintiff's Counsel determined this amount.
- The Settlement Agreement provides, "Class Members may withdraw their objections at any time."  (SA § 4.6.)  This contravenes Rule 23(e)(5), which provides that an "objection may be withdrawn only with the court's approval."
- The Class Notice should more clearly summarize class members' rights to participate, opt out, or object.  This is generally done through a succinct table near the beginning of the notice.
- Class Counsel's proposed Notice should provide more specific information under "What is the case about?" regarding the common policy alleged in this suit.
- If the first class notice is returned as undeliverable but the claims administrator identified an alternative address, the class members must have 45 days from the remailing to object or opt out.  (*Contra* SA §§ 4.1–4.4.)
- No declaration detailing the experience and capabilities of the proposed claims administrator has been submitted.
- The last portion of the Class Notice, which describes how to access additional information about the Settlement Agreement, should state that all papers filed in

___

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:16-cv-01447-JLS-DFM | Date: September 26, 2017 |
| Title:  Jennifer Pedraza v. Pier 1 Imports U.S. Inc et al. | |

this action, including a copy of the application for fees and costs and a service award, will be available for review via the Courthouse and via the Public Access to Court Electronic Resources System (PACER), available online at http://www.pacer.gov.

Accordingly, Plaintiff's Motion for Preliminary Approval is DENIED.  The parties shall submit a revised series of case management dates or Plaintiff shall submit a revised motion for preliminary approval within **fourteen (14)** days.

Initials of Preparer:  tg

_____
**CIVIL MINUTES – GENERAL**                                                                                        5