JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER PEDRAZA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PIER 1 IMPORTS (U.S.), INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:16-cv-01447-JLS (DFM)<br><br>**JUDGMENT** |

WHEREAS, this matter has come before the Court for hearing pursuant to the Preliminary Approval Order dated November 30, 2017, for final approval of the Settlement as set forth in the Joint Stipulation of Class Action Settlement and Release of Claims ("Settlement Agreement"), and the Court having considered all papers filed and the proceedings had and otherwise being fully informed, **THE COURT HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS:**

1. This Judgment incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including the Plaintiff and Class Members.

3. Pursuant to the Preliminary Approval Order, the appointed Settlement Administrator, Simpluris, mailed a Notice of Settlement to all known Class Members by First Class U.S. Mail. The Notice of Settlement fairly and adequately informed Class Members of the terms of the proposed Settlement and the benefits available to Class Members thereunder. The Notice of Settlement further informed Class Members of the pendency of the Action, of the proposed Settlement, of Class Members' right to receive their share of the Settlement, of the scope and effect of the Settlement's Released Claims, of Class Members' rights and obligations relating to the prospective relief provided through the Settlement, of the preliminary Court approval of the proposed Settlement, of exclusion and objection timing and procedures, of the date of the Final Approval Hearing, and of the right to file documentation in support of or in opposition to the Settlement and to appear in connection with the Final Approval Hearing. Class Members had adequate time to consider this information and to use the procedures identified in the Notice. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed

decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the Notice provided in the Action was the best notice practicable, which satisfied the requirements of law and due process.

4. In response to the Notice, no Class Members objected to the Settlement and 67 Class Members requested exclusion from the Settlement.

5. The Court finds that the Settlement offers significant monetary recovery to all Settlement Class Members and finds that such recovery is fair, adequate and reasonable when balanced against further litigation related to liability and damages issues. The Court further finds that extensive investigation, formal and informal discovery, research and litigation have been conducted such that Class Counsel and Defense Counsel are able to reasonably evaluate their respective positions at this time. The Court finds that the proposed Settlement, at this time, will avoid substantial additional costs by all Parties, as well as avoid the risks and delay inherent to further prosecution of the Action. The Court further finds that the Settlement has been reached as the result of intensive, serious and non-collusive, arms' length negotiations. Thus, the Court approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement according to its terms.

6. The Court hereby orders the Settlement Administrator to distribute the Individual Settlement Payments to Class Members in accordance with the provisions of the Settlement.

7. For purposes of this Judgment and for this Settlement only, the Court hereby certifies the Class as defined in the Settlement Agreement.

8. For purposes of this Final Approval Order and this Settlement only, the Court hereby confirms the appointment of Plaintiff Jennifer Pedraza as the class representatives for the Class. Further, the Court finally approves the Class Representative Enhancement Award, as fair and reasonable, to Plaintiff in the

amount of Five Thousand Dollars ($3,500). The Court hereby orders the Settlement Administrator to distribute the Class Representative Enhancement Award to Plaintiff in accordance with the provisions of the Settlement.

9. For purposes of this Judgment and this Settlement only, the Court hereby confirms the appointment of Kashif Haque, Samuel A. Wong, Jessica L. Campbell, Ali S. Carlsen and Shelly D. Song of Aegis Law Firm, PC, as Class Counsel for the Class. Further, the Court finally approves a Class Counsel Fees Award, as fair and reasonable, not to exceed Two Hundred and Twenty Five Thousand Dollars ($187,500).

10. The Court approves a Class Counsel Costs Award, as fair and reasonable, in the amount of Nineteen Thousand, Six Hundred Fifty Five Dollars and Forty Two Cents ($19,655.42).

11. For purposes of this Final Approval Order and this Settlement only, the Court hereby confirms the appointment of Simpluris, Inc. as the Settlement Administrator to administer the Settlement of this matter as more specifically set forth in the Settlement Agreement and further finally approves Settlement Administration Costs, as fair and reasonable, of Sixty Five Thousand Dollars ($65,000).

12. As of the Effective Date, Class Members shall be deemed to have released the Released Parties from all Class Member Released Claims. All Settlement Class Members, as of the Effective Date, are hereby forever enjoined from prosecuting the Released Claims against the Released Parties.

13. After Settlement administration has been completed in accordance with the Settlement Agreement, and in no event later than 260 days after the Effective Date, Plaintiff shall file a report with this Court certifying compliance with the terms of the Settlement.

14. Neither this Judgment, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendant or any of

the other Released Parties of any fault, wrongdoing or liability whatsoever. Nor is this Final Approval Order a finding of the validity of any claims in the Action or of any wrongdoing by Defendant or any of the other Released Parties.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

**IT IS SO ORDERED**

Date: June 19, 2018

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE